Carmen Elizabeth **MARRERO**
Hernandez, et al.,
Plaintiffs,

v.

**ESSO STANDARD OIL COMPANY** (Puerto Rico), a Puerto Rico Corporation, Defendant/Third–Party Plaintiff,

v.

Carlos Rodríguez **PEREZ**, Carmen Ortiz Lopez, and their conjugal partnership; and Carlos M. Belgodere Pamies, Janet Roe, and their conjugal partnership, Third–Party Defendants

No. CIV. 03–1485(JAG/GAG).

United States District Court,
D. Puerto Rico.

June 17, 2004.

Jose A. Hernandez–Mayoral, Esq., San Juan, PR, for Plaintiff.

John F. Nevares, Esq., San Juan, PR, for Defendant/Third–Party Plaintiff.

Carlos M. Belgodere, Esq., pro se third party defendant.

## OPINION AND ORDER

GELPI, United States Magistrate Judge.

### I.  *Factual Background*

The La Vega Station ("Station"), is a retail gasoline service station in Barranquitas, Puerto Rico with several underground storage tanks owned by the Esso Standard Oil Company, ("Esso"). (Dockets 59, p. 2 ¶ 3; 61, Exhibit 1 p. 2 ¶ 3). On August 1, 1998, third-party Defendant, Carlos Belgodere, ("Belgodere"), hired as an environmental consultant by Carlos Rodriguez, also a third-party defendant and the Station owner, checked the Station for signs of environmental contamination. (Docket 15, p. 5 ¶ 18). His investigation included drilling holes in the underground tanks to collect samples for later analysis. *Id.* This drilling allegedly contributed to or exacerbated the contamination that may have already existed at the Station at that date. *Id.* Upon discovery of contamination at the Station, Esso took several remedial steps and is now suing Belgodere for contribution. (Docket 15). Belgodere brings this motion for summary judgment against Esso, claiming statutory immunity of liability under P.R. Laws Ann. tit 12 § 1291 [1] . (Docket Nos. 57 and 58).

### II.  *Procedural Background*

In a related action also before the U.S. District Court,[2] Esso alleges Belgodere's liability and seeks contribution for the oil spill under Section 113(f) of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. 9601 *et seq.* ("CERCLA"), and the Solid Waste Disposal Act, as amended by the Resource Conservation and Recovery Act of 1976, as further amended by the Hazardous and Solid Waste Amendments of 1984, 42 U.S.C.A. § 6901 *et. seq.,* ("RCRA"). Belgodere was denied summary judgement in said case.[3]

The present action is brought pursuant to section 505 of the Clean Water Act, as amended, 33 U.S.C. 1365, and section 7002, of the Solid Waste Disposal Act, as amended, 42, U.S.C. 6972. (Docket 15, Exhibit A, p. 1). Esso's Amended Third–Party Complaint is brought under Puerto Rico law. In the event that Esso as defendant is held liable under the principal action, Esso brings the following three counts against third-party defendants: (1) contribution and indemnification based on negligence pursuant to the provisions of Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit 31 § 5141; (2) contractual indemnification (pursuant to the supply agreement between Esso and defendant Rodriguez); and, (3) damages under the Puerto Rico Public Policy Environmental Act, P.R. Laws Ann. tit 12 § 1139. (Docket 15).

---

**1.**  Belgodere's initial motion was one to dismiss under Fed.R.Civ.P. 12(b)(6). However, as the same contained matters outside the pleadings, the Court converted it to one for summary judgment under Fed.R.Civ.P. 56(c). (*See* Docket No. 58).

**2.**  Civil Action No. 01–2012(SEC)(JA).

**3.**  Belgodere argues here that in the related action the court denied his motion to dismiss,

(treated as a motion for summary judgment), for a failure to provide the "year of the alleged local law that gives him qualified immunity." (Docket 170, p. 150). The Court here notes that in that motion, based upon the same facts found herein, Belgodere argued that he was not liable under CERCLA. The Court (Arenas, M.J.), however, ruled that he failed to establish the absence of a factual dispute with regard to material issues.

The Court has jurisdiction over Esso's third-party claims against Belgodere pursuant to 28 U.S.C. § 1367, as they share "a common nucleus of operative fact," with the original claim brought against Esso. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). In addition, the Court has federal question jurisdiction over the principal action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337, Section 505 of the Clear Water Act, as amended, 33 U.S.C. 1365, Section 7002(a)(1)(B) of the Solid Waste Disposal Act as amended, 42 U.S.C.A. § 6972(a) and CERCLA, 42 U.S.C. § 9613(b).

## III. *Standard of Review*

### Summary Judgment Standard [4]

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The nonmoving party must then "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). When deciding a motion for summary judgment, the court must view the record in the light most favorable to the party opposing summary judgment, including all reasonable inferences in the nonmoving party's favor. *See id.* "If, after canvassing the material presented, the district court finds *some* genu-

ine factual issue remains in the case, whose resolution one way or the other *could* affect its outcome, the court must deny the motion." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis added).

Furthermore, "the party who has the burden of proof on a dispositive issue cannot attain summary judgment unless the evidence that he provides on that issue is conclusive." *Vargas v. Cummings*, 149 F.3d 29, 35 (1st Cir.1998). Since the issue of limited liability is one upon which Belgodere would carry the burden of proof at trial, he cannot obtain summary judgment unless his evidence is conclusive on that issue.

## IV. *Legal Analysis*

### 1. *Applicable Law*

As a threshold issue, the Court must determine whether Belgodere may apply the local statute and not CERCLA to determine issues of liability such as potential limited immunity. CERCLA explicitly states that it does not preempt state law as to issues of liability. 42 U.S.C.A. § 9652(d); *see also MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 491 (5th Cir.), *cert. denied*, 537 U.S. 1046, 123 S.Ct. 623, 154 L.Ed.2d 519 (2002).[5] Therefore, the Court determines that the Puerto Rico statute, P.R. Laws Ann. tit. 12 § 1291 is correctly applied, and will not look to 42 U.S.C.A. § 9607 for questions concerning liability

---

**4.** The Court notes that both parties have complied with Local Rule 56(b) for the purpose of this motion (*See* Docket Nos. 59; 61, Exhibit 1 and 68, Exhibit 1). Said rule requires that each party file a "separate, short, concise statement of material facts as to which the moving party contends there is no genuine issue to be tried." D.P.R.R. 56(b).

**5.** The Court notes that the Second Circuit is at odds with the Fifth Circuit inasmuch as preemption of state law contribution remedies is concerned. *See Bedford Affiliates v. Sills*, 156 F.3d 416, 426–427 (2nd Cir.1998).

under CERCLA.[6]

The main issue now before the Court is whether Belgodere qualifies for statutory immunity under P.R. Laws Ann. tit. 12 § 1291. As there is a genuine issue of material fact as to whether he qualifies, for the reasons explained in the following analysis, summary judgment will be denied.

### 2. *Limited Immunity of Liability Defined*

P.R. Laws Ann. tit. 12 § 1291 states in relevant part:

(a) The provisions of any other law notwithstanding, no person or intervening party shall be liable for the cleaning, removal or disposal expenses or for the damages caused by actions or omissions while remedying or trying to remedy or eliminate an oil or hazardous substances spill or while providing or rendering attention, help, assistance, or counsel following the National Contingency Plan or answering to the instructions and orders of the Federal On–Scene Coordinator or the designated Commonwealth official.

(b) The aforementioned immunity shall not apply to:

(1) the parties liable for the spill as defined in § 1290(h) of this title;

(2) incidents causing personal damages or death;

(3) incidents where negligence or actions contrary to law are shown.

P.R. Laws Ann. tit. 12 § 1290 defines the following:

(d) National Contingency Plan—Means the National Oil and Hazardous Substances Pollution Contingency Plan, 40 CFR 300, established under the Water Pollution Prevention and Control Act 33

USC 1321(d), as amended by the Oil Pollution Act of 1990, Pub. Law No. 101–380, 104 Stat. 484, the Environmental Quality Board Contingency Plan for Environmental Incidents Related to Oil and Hazardous Substances Discharges, and the Coast Guard Oil and Hazardous Substances Contingency Plan.

(h) Responsible party-Includes the following:

(1) Ship, boat or vessel.—Means any person who owns or operates or has rented or leased a ship, boat or vessel.

(2) Land facilities. Means any person who owns and operates a facility excluding pipelines or oil pipelines, or a Federal, Commonwealth or Municipal agency or a commission, committee, instrumentality or political subdivision or the Commonwealth of Puerto Rico or any political subdivision of a state of the United States of America, or any interstate entity, which as owner, transfers title, ownership or the right of use of property to another person through lease, assignment or permit.

### 3. *Whether Belgodere Qualifies for Statutory Immunity Under P.R. Laws Ann. tit. 12 § 1291.*

■ Belgodere seeks summary judgment against Esso's claims for contribution. Belgodere argues that he qualifies for statutory immunity of liability according to P.R. Laws Ann. tit. 12 § 1291 for his work at the Station on August 1, 1998. (*See* Dockets Nos. 57 and 58). For Belgodere to qualify for statutory immunity he must meet at least one of the criteria in P.R. Laws Ann. tit. 12 § 1291(a) and not fall under *any* of the three exceptions to

---

6. CERCLA Section 101(14) specifically excludes "petroleum, including crude oil or any fraction thereof;" therefore, if the contamination is only petroleum the liability provisions of CERCLA would not apply. (Docket 68, p. 2).

statutory immunity enumerated in P.R. Laws Ann. tit. 12 § 1291(b).

a. *Whether Belgodere meets any criteria in P.R. Laws Ann. tit. 12 § 1291(a).*

(i.) *Was Belgodere "remedying or trying to remedy or eliminate an oil or hazardous substances spill?"* Esso argues that Belgodere is not covered under this part of the statute, citing Belgodere's assertion that his August 1, 1998 visit to the Station was merely to conduct an environmental investigation required by Banco Popular, so that Station owner could apply for a loan to purchase the land upon which the Station was located. (Docket 61, p. 14). Esso further argues that (1) the ordinary definition of "remedy" controls, as the statute leaves the term undefined, and that (2) this ordinary reading does not encompass the defendant's activities. *See Jones v. United States* 529 U.S. 848, 855, 120 S.Ct. 1904, 146 L.Ed.2d 902 (2000)("when terms used in a statute are undefined, we give them their ordinary meaning." (quoting *Asgrow Seed Co. v. Winterboer*, 513 U.S. 179, 187, 115 S.Ct. 788, 130 L.Ed.2d 682 (1995))). However, even if Belgodere "merely performed the inspection" and the result of this inspection brought attention to contamination which was later remedied, this could be sufficient to fulfill this criterion. The Court, however, does not have before it at this time sufficient facts to conclude either way.

■ (ii.) *Was Belgodere "providing or rendering attention, help, assistance, or counsel following the National Contingency Plan"("NCP")* [7]? Belgodere argues that his environmental assessment, pursuant to NCP guidelines, "rendered attention, help, assistance or counsel," in accordance with Section 1291(a). Belgodere notes that pursuant to the NCP he complied with Section 300.300(4)(b) which requires notification to the National Response Center ("NRC") upon discovery of a leakage from a facility. (Docket 68, p. 4). Esso alleges the existence of a genuine issue of material fact as to the issue of whether Belgodere actually met with EPA officials in New York, in compliance with NCP guidelines prior to August 1, 1998. (Docket 61, p. 16). Furthermore, Esso argues that Belgodere did not comply with the express requirements of the NCP, and that his actions constituted a bare minimum of what was required to comply with the NCP and this was not the purpose of the visit. However, the Court finds that to comply with the statute's requirements, Belgodere need not fulfill every requirement asked by the NCP, so long as he provides or renders some "attention, help, assistance or counsel," in accordance with the NCP in some way. *See* Section 1291(a). The Court determines that by notifying the NRC in accordance with NCP guidelines, Belgodere fulfilled the criterion of this element, in that he provided counsel following the NCP guidelines as a matter of law. Since only one condition of Section 1291(a) need be met, the Court determines at this juncture that as a threshold issue, Belgodere initially qualifies for statutory immunity. However, to complete the analysis, the Court shall consider the third and final alternative to qualify for statutory immunity under Section 1291(a).

■ (iii.) *Did Belgodere qualify for statutory immunity by "answering to the instructions and orders of the Federal On-Scene Coordinator or the designated Commonwealth official?"* Belgodere argues that he complied with this by responding to a formal notice of the Environmental Protection Agency, ("EPA"), which held

7. The NCP is a set of regulations used as a supplement to CERCLA.

specific instructions to the owner of the Station (Rodriguez), to report steps taken and planned in the clean-up of the contamination. (Docket 61, Exhibit 1). This is assuming *agruendo* that the letter, addressed to Station owner, Rodriguez, even applies to Belgodere.

Belgodere's response to the EPA refutes Esso's initial contention that he did not answer or comply with the instructions and orders of the Environmental Quality Board personnel overseeing the work at the station. (Docket 61, p. 17). Therefore, as a matter of law, Belgodere also meets this initial criterion for statutory immunity as to this condition. However, the Court notes that this is only a threshold matter in considering whether Belgodere qualifies for statutory immunity.

b. *Whether there is genuine issue of material fact as to whether Belgodere meets any criteria in Section 1291(b).*

Since Belgodere meets two conditions for Section 1291(a) as a matter of law, the Court must consider if he meets any of the three exceptions under Section 1291(b). If he meets any one of the three exceptions, or if there is genuine issue of material fact as to whether he meets any one of these, summary judgment must be denied.

■ (i.) *Section 1291(b)(1):* Belgodere does not meet the criterion of "parties liable for the spill as defined in Section 1290(h) of this title." Under Section 1290(h)(2), a responsible party is one who "owns *and* operates" a facility. (Emphasis added). Assuming *agruendo* that he meets the definition of an operator, Belgodere still is not an owner of the station, and therefore cannot meet the definition of a responsible party as a matter of law. Esso argues that Belgodere is potentially partially liable under CERCLA, and therefore is precluded from immunity under Section 1291(b)(1). (Docket 61, p. 18). However, as liability criteria under CERCLA are different, they do not apply to this action. The Court determines that he is not precluded from immunity under Section 1291(b)(1) as a matter of law.

■ (ii.) *Section 1291(b)(2):* There is a genuine issue of material fact as to whether Belgodere qualifies as a party who causes "personal damages or death." *See* Section 1291(b)(2). Esso alleges personal injury and property damages, such as soil and groundwater contamination, pollution of the Piñones River and hydrocarbon odor. (Docket 61, p. 20). It further claims that Belgodere interfered with its access to the station, thereby contributing to the personal damages alleged. *See id.*

Belgodere, on the other hand, describes Esso's accusation of a "hydrocarbon odor" as a misrepresentation, and that this was not a result of the Belgodere's investigations at the Station. (Docket 68, p. 9). As evidence is conflicting, a genuine issue of material fact exists surrounding whether Belgodere caused personal damages as a result of his investigations at the Station. Therefore, the possibility of Belgodere's exemption from coverage under the statute is uncertain, thus summary judgment must be denied.

■ (iii.) *Section 1291(b)(3):* There is genuine issue of material fact as to whether Belgodere's actions qualifies as an incident where "negligence or actions contrary to law [were] shown." Esso claims that Belgodere was negligent in that he failed to: "prepare a Health and Safety Plan (HSAP), a Quality Assurance Project Plan (QUAPP), a soil boring or excavation plan; or a contingency plan for work he performed and supervised at the Station site on August 1, 1998 and thereafter." (Docket 61, p. 4). Belgodere asserts that there are "no determinations by any local or federal government agency stating incidents where negligence or actions contrary

to law were carr[ied] out by defendant on August 1, 1998." (Docket 57, p. 10). As negligence is not defined by the statute, the Court will again consider the ordinary meaning as controlling. *See Jones* 529 U.S. at 855, 120 S.Ct. 1904. There are genuine issues of material fact as to whether Belgodere acted within the parameters of an ordinary definition of negligence. Therefore, considering that inferences should be drawn in favor of the nonmoving party, summary judgment must be denied.

## V. *Conclusion*

While Belgodere meets the threshold qualification to statutory immunity under P.R. Laws Ann. tit. 12 § 1291(a), there is genuine issue of material fact as to the applicability of Sections 1291(b)(2) and 1291(b)(3). Furthermore, should Belgodere seek statutory immunity under CERCLA, the Court hereby adopts the well-reasoned ruling of Magistrate–Judge Arenas in the related action, Civil No. 01–2012(SEC)(JA)(Docket 170), denying Belgodere's motion for summary judgment as to his alleged immunity from liability under CERCLA.[8] Therefore, upon viewing the facts in the light most favorable to Esso, a reasonable jury could find Belgodere precluded from statutory immunity either under Commonwealth law or CERCLA. For the reasons stated herein, the Court hereby DENIES Belgodere's motion for summary judgment (Docket Nos. 57 and 58).

**SO ORDERED.**

---

8. This alternate ruling is hereby made in the event that the First Circuit or Supreme Court eventually hold that state law is preempted by CERCLA as to issues of liability.